# TABAK, MELLUSI & SHISHA LLP

**29 BROADWAY**
**SUITE 2400**
**NEW YORK, NEW YORK 10006**

TEL (212) 962-1590
TEL (800) 280-1590
FAX (212) 385-0920
www.sealawyers.com

RALPH J. MELLUSI
JACOB SHISHA*
*ALSO ADMITTED IN
NEW JERSEY AND
LOUISIANA

OF COUNSEL
STEPHEN B. ROBERTS

March 28, 2023

Honorable Judge P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   Matthew Turner v. Schuyler Line Navigation Co.
      MV SLNC CORSICA
      1:22-cv-02631-PKC
      D/A: 1/25/2021
      Our File: S2650.21

Dear Judge Castel:

We represent plaintiff in this Jones Act personal injury suit. Expert discovery is set to close on April 14, 2023. The next pretrial conference is scheduled for May 12, 2023. To date, we have exchanged 10 expert reports, taken one expert deposition and do not anticipate taking any more expert depositions. We are waiting for one additional report from defendants and will complete all expert discovery prior to the April 14, 2023 expert discovery cut off.

The parties have scheduled a mediation for April 27, 2023.

If this case does not settle in mediation, plaintiff moves for permission to take the *de bene esse* deposition of 3 of his treating physicians[1] from Massachusetts , Neil Chen, M.D. (orthopedist), David Saul Binder, M.D. (physiatrist) and Donald Sherak, M.D. (psychiatrist), at any time up to 30 days prior to trial. Opposing counsel consents to this. We did not want to spend the considerable amount of money to depose these witnesses, if they can appear live, or via video feed at trail. On the other hand, we do not want to risk the physicians not being able to testify due to a last minute medical emergency. We believe once we have a firm trial date in place, we will be able to determine which physician we will need take a *de bene esse* deposition of.

---

[1] They will also be providing expert opinions, which have been disclosed per Fed. R. Civ. P. 26(a)(2)(C).

Honorable P. Kevin Castel
Matthew Turner
March 28, 2023

Plaintiff also seeks leave to submit a premotion letter for a motion for partial summary judgement on his unseaworthiness claim. Pursuant to Your Honors scheduling order the premotion letter was to be submitted within 14 days of the close of fact discovery. Plaintiff did not due so because he anticipated there would have been a factual issue raised in the defendant's liability expert's report. It was only after we received defendant's liability expert report on March 15, 2023 that we were able to determine that we are entitled to summary judgement on unseaworthiness.

Therefore, the parties jointly request the following:

1. If the case does not settle at the April 27, 2023 mediation, the parties be given 45 days, from the mediation to file their Final Pretrial Submissions.
2. That plaintiff be allowed to perpetuate the deposition of his treating physician up to 30 days prior to trial.
3. Plaintiff be given leave to file a pre motion letter regarding partial motion for summary judgment on his unseaworthiness claim within 14 days of the April 27, 2023 mediation.

We thank the Court for its consideration, and remain,

Respectfully yours,

Tabak, Mellusi & Shisha LLP

Jacob Shisha

JS/kf

Application GRANTED

SO ORDERED
_____, USDJ
3-28-23